O/JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-00537 ODW (OPx) | Date | May 12, 2010 |
|---|---|---|---|
| Title | *Rancho Horizon LLC v. Raymond Arnold, et al.* | | |

| Present: The Honorable | OTIS D. WRIGHT II, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Raymond Neal | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

None     None

**Proceedings:**     **ORDER SUA SPONTE REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**

On April 13, 2010, Defendant Raymond Arnold ("Defendant") filed a Notice of Removal ("Notice") with this Court. (Docket No. 1.) Because Defendant has failed to meet its burden of showing that this Court has original jurisdiction, the Court REMANDS this case to the Los Angeles Superior Court.

**I.     FACTUAL BACKGROUND**

On February 18, 2010, Plaintiff Rancho Horizon, LLC ("Plaintiff") filed a Complaint in the Los Angeles Superior Court.[1] The Complaint states only one cause of action: unlawful detainer post foreclosure. Plaintiff asserts proper jurisdiction in the State Court given that "[e]ach defendant resides or conducts business in the jurisdiction served by the [state] court; [t]he property [that] is subject to this Unlawful Detainer action . . . is located in the area under jurisdiction of this court; and [t]he amount of damages claimed in this Unlawful Detainer action does not exceed $10,000." (Compl. ¶ 1.) Plaintiff's Complaint does not allege any federal claim. (Notice of Removal, Ex. 1.)

On April 13, 2010, Defendant filed a Notice of Removal in this Court. Defendant contends that the Court "has original jurisdiction and the action is removable to this court pursuant to 28 U.S.C. §§ 1441(a) and 1446." (Notice ¶ 5.) Although never specifically stated in the Notice, Defendant appears to rely on federal question jurisdiction under 28 U.S.C. § 1331. Paragraph 4 of the Notice states that "[t]he above-mentioned action is a civil action of which this court has

---

[1]     A copy of the Complaint is attached to Defendant's Notice of Removal as Exhibit 1.

O/JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-00537 ODW (OPx) | Date | May 12, 2010 |
|---|---|---|---|
| Title | *Rancho Horizon LLC v. Raymond Arnold, et al.* | | |

jurisdiction under 28 U.S.C. § 1334(b)[,] [u]nlawful detainer - Eviction after foreclosure. The amount in controversy exceeds $75,000."[2] (*Id.* at ¶ 4.)

The Court finds that it cannot exercise subject matter jurisdiction over this case and therefore remands this case to the state court for the reasons stated below.

## II.  LEGAL STANDARD

A defendant may remove a civil action from state court to federal court pursuant to the federal removal statute, based on either federal question or diversity jurisdiction. 28 U.S.C. § 1441. "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airline, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). The presumption against removal means that "the defendant always has the burden of establishing that removal is proper." *Id.* Moreover, the district court must remand any case previously removed from a state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Further, based on the strong presumption against removal jurisdiction, the case must be remanded to state court if the court has any doubts about its subject matter jurisdiction. *See Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *see also Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

The Supreme Court instructs, "[t]o determine whether [a] claim arises under federal law, we examine the 'well-pleaded' allegations of the complaint and ignore potential defenses." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Id.* Federal question jurisdiction only extends to cases "in which a well-pleaded complaint establishes either (1) that federal law creates the cause of action or (2) that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law, in that federal law is a necessary element of one of the well-pleaded . . . claims." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808 (1988) (internal citation and quotation marks omitted). Additionally, the

---

[2]   It is unclear if Defendant is trying to invoke diversity jurisdiction by alleging an amount in controversy exceeding $75,000. This bare allegation, however, is insufficient for that purpose. A district court has diversity jurisdiction over any civil action between citizens of different states as long as the amount in controversy exceeds $75,000.00, excluding interest and costs. 28 U.S.C. § 1332. Defendant has made no allegations that the parties are citizens of different states.

O/JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-00537 ODW (OPx) | Date | May 12, 2010 |
|---|---|---|---|
| Title | *Rancho Horizon LLC v. Raymond Arnold, et al.* | | |

plaintiff is the master of the claim and "can avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

If a complaint solely asserts state-law or common-law claims on its face, removal jurisdiction may still be appropriate if "some substantial, disputed question of federal law is a *necessary* element of one of the well-pleaded state claim." *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 345 (9th Cir. 1996) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 13 (1983). This can happen if, for instance, a plaintiff attempts to avoid federal jurisdiction by omitting from the complaint "federal law essential to his claim, or by casting in state law terms a claim that can be made only under federal law." *Id.* at 344 (quoting *Olguin v. Inspiration Consol. Copper Co.*, 740 F.2d 1468, 1472 (9th Cir. 1984)). This exception to the well-pleaded complaint rule is known as the "artful pleading doctrine." Removal may also be appropriate if federal law completely preempts state law. The "complete preemption doctrine" exception to the well-pleaded complaint rule applies where the "preemptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Caterpillar*, 482 U.S. at 393 (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)). Thus, upon removal, the defendant must show that the "resolution of a federal . . . question is essential to each of [plaintiff's] alternative theories in support of any [] cause[] of action in the complaint. [I]f a single state law based theory of relief can be offered for each of the . . . causes of action in the complaint, then the exercise of removal jurisdiction was improper." *Duncan*, 76 F.3d at 1486.

**III. DISCUSSION**

The Court has an independent duty to examine whether it has subject matter jurisdiction. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Here, Defendant fails to meet the burden of establishing the Court's jurisdiction on removal. *See O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1379 (9th Cir. 1988) ("In determining the existence of removal jurisdiction based upon a federal question, the court must look to the complaint as of the time the removal petition was filed."). First, based on the face of the Complaint, this case is not removable because Plaintiff does not affirmatively allege any federal claim. *Anderson*, 539 U.S. at 6 ("As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim.").

Second, Defendant offers no authority for the proposition that Plaintiff's unlawful detainer action under California law creates a federal cause of action, and nothing in the case law and relevant statutes implies such a right. "[A] long and unbroken line of Supreme Court decision holds

O/JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-00537 ODW (OPx) | Date | May 12, 2010 |
|---|---|---|---|
| Title | *Rancho Horizon LLC v. Raymond Arnold, et al.* | | |

that [a complaint in ejectment] presents no federal question . . . even when a plaintiff's claim of right or title is founded on a federal statute, patent or treaty." *Fort Mojave Tribe v. Lafollete*, 478 F.2d 1016, 1018 n.3 (9th Cir. 1973) (citations omitted). Defendant does not explain how the present case is any different. In fact, the Court has itself scoured Plaintiff's Unlawful Detainer Complaint and has found no basis for federal jurisdiction.

Further, Defendant has not identified if an exception to the well-pleaded complaint rule applies in the present case. Instead, in an attempt to invoke federal jurisdiction, Defendant merely states that "this court has jurisdiction under 28 U.S.C. § 1334(b)." This statement alleging bankruptcy jurisdiction cannot transform this dispute into a federal question. In the Complaint, Plaintiff never alleges any violations implicating federal law or bankruptcy law, but instead invokes state law.[3/] Additionally, Plaintiff chose to file its case in state court. Plaintiff is entitled to choose to file its cause of action as a state-law claim in state court.

Not only did Defendant fail to expressly raise either the "artful pleading doctrine" or the "complete preemption doctrine" argument as a basis for removal, but the Court finds neither exception to the well-pleaded complaint rule is relevant to the present case. Defendant has not shown that Plaintiff attempted to avoid federal jurisdiction by omitting from the complaint a federal law essential to its claim or that Plaintiff casts its claim in state law terms even though the claim could only be made under federal law. *Rains*, 80 F.3d at 345. As shown above, Plaintiff casts its claim in state law terms because state law applies.

Similarly, Defendant fails to show, or even attempt to show, that 28 U.S.C. § 1334(b) applies to this dispute, and if it does, that the federal law is so extraordinary "it [may] convert[] an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Caterpillar*, 482 U.S. at 393 (quoting *Metro. Life Ins. Co.*, 481 U.S. at 65). Complete preemption is a narrow exception to the well-pleaded complaint rule and most federal statutes do not fall into this category even if the federal statute supercedes certain state laws. *Hofler v. Aetna U.S. Healthcare of California, Inc.*, 296 F.3d 764, 768 (9th Cir. 2002) (citing *Holman v. Laulo-Rowe Agency*, 994 F.2d 666, 668 (9th Cir. 1993)). For this additional reason, removal is not proper.

## IV. CONCLUSION

---

[3/] It is not clear from the Notice of Removal whether Defendant believes the Complaint states a federal question on its face.

**O/JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-00537 ODW (OPx) | Date | May 12, 2010 |
|---|---|---|---|
| Title | *Rancho Horizon LLC v. Raymond Arnold, et al.* | | |

      Based on the foregoing, the Court REMANDS this action for lack of federal question jurisdiction. The Clerk shall close the file.

      **IT IS SO ORDERED.**

      -- : 00

Initials of Preparer     RGN